No. 40,576

Ruby Hamilton, *Appellant*, v. Troy Ferguson and William J. Zuercher, *Appellees*.

(312 P. 2d 232)

Opinion filed June 8, 1957.

*Gerald L. Michaud*, of Wichita, argued the cause, and *Ora D. McClellan*, *Harry E. Robbins, Jr., Carol V. Creitz* and *John B. Wooley*, all of Wichita, were with him on the briefs for the appellant.

*Robert C. Foulston*, of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Samuel E. Bartlett, Stuart R. Carter, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris* and *Gerald Sawatzky*, all of Wichita, were with him on the briefs for appellee Troy Ferguson.

*Patrick F. Kelly*, of Wichita, argued the cause, and *W. A. Kahrs* and *Robert H. Nelson*, both of Wichita, were with him on the briefs for appellee William J. Zuercher.

The opinion of the court was delivered by

Wertz, J.: This was an action to recover damages for personal injuries sustained by plaintiff (appellant) while riding as a passenger in a pick-up truck involved in a three-car collision on a four-lane highway. From an order of the trial court sustaining defendants' (appellees') separate demurrers to plaintiff's evidence on the ground it failed to show any negligence on the part of either defendant, she appeals to this court.

Inasmuch as the only question for this court's determination is whether plaintiff's evidence was sufficient to make out a prima facie case of negligence against defendants or either of them, it will not be necessary to narrate the pleadings.

All parties are in accord with the elementary rule of law that the trial court in ruling upon a demurrer to plaintiff's evidence must examine the testimony in its most favorable light, giving it the benefit of all inferences, that it shall consider plaintiff's evi-

dence as true, shall consider that favorable to her and disregard that which is unfavorable, shall not weigh any part that is contradictory or any differences between direct or cross examination, and if so considered there is any evidence which sustains plaintiff's case, the demurrer must be overruled. The question of negligence, including determination of proximate cause, ordinarily rests in the province of the jury. It is also a well-established rule in this state in determining whether plaintiff is guilty of contributory negligence when tested by demurrer the question must be submitted to the jury if the facts are such that reasonable minds might reach different conclusions thereon. The numerous citations supporting the mentioned rules of law are found in West's Kansas Digest, Negligence, § 136, (9), (10), (25), (26), Appeal and Error, § 927 (5), Trial, § 156 (2), (3); 4 Hatcher's Kansas Digest [Rev. Ed.], Negligence, §§ 74 and 75.

Plaintiff's evidence in support of the allegations contained in the petition are briefly summarized herein.

The map or drawing admitted in evidence discloses that U. S. Highway 81 running north from Wichita to Newton is a four-lane trafficway. The northbound lanes are concrete, twenty-four feet in width; the southbound, blacktop, twenty-two feet in width. There is a four-foot safety strip or divider, planted to grass, separating the north and southbound trafficways.

On September 19, 1954, plaintiff and a Mr. Aten went to Highway 81 Drive-In theater north of Wichita in a Ford pick-up truck. About 11:00 p. m., when the show was over, they left the theater with the intention of returning to Wichita. Mr. Aten was driving and plaintiff was sitting beside him. Aten, being unfamiliar with the locality, inadvertently turned north away from the city. Plaintiff remarked that he was driving in the wrong direction; Aten then pulled over in the passing lane for northbound traffic and began looking for a place to turn around. He put his arm out, signaling for a left turn. After he had driven some distance he slowed down. The automobile being driven by defendant Zuercher had been following Aten's truck some distance. As Aten was slowing down he first looked and saw defendant Ferguson's automobile, about one-half mile to the north, traveling seventy miles an hour in the southbound lane next to the safety strip. Aten put his foot on the clutch and continued with his signal for a left turn, slowing his truck to a speed under ten miles an hour when he found a

place in the safety zone where the grass had been worn down, indicating it was a crossing. This worn place was about sixty feet north of a driveway entrance into a residence on the west side of the highway. He was coming to a stop because there was not time to drive in front of the oncoming Ferguson automobile. He drove his left front wheel upon the safety strip and was getting ready to come to a stop to yield to the Ferguson car when his truck was hit from the rear by defendant Zuercher's vehicle and the truck was knocked into the path of the southbound Ferguson automobile. In just a second or so the Ferguson car struck the truck in which plaintiff was riding, and by reason of the crash plaintiff sustained serious injuries which need not be related here.

Plaintiff's petition, after alleging the facts, charged both defendants Zuercher and Ferguson with failing to keep a proper lookout for other vehicles, with traveling on the highway and failing to keep their respective cars under control; and charged defendant Zuercher with failing to stop or turn aside his vehicle in such a manner as to avoid striking the truck in which plaintiff was riding and in following the truck too closely in violation of G. S. 1955 Supp., 8-543. The petition further charged defendant Ferguson with operating his automobile at an excessive rate of speed, with failing to turn aside and thus avoid colliding with the truck, with failing to have adequate brakes and not applying them, and with failing to decrease his speed prior to the collision.

Viewing the evidence in harmony with the mentioned legal principles of law as to defendant Zuercher, we conclude that the evidence tended to sustain the view and the jury might reasonably infer that, considering traffic conditions at the time and place, defendant Zuercher failed to keep a proper lookout or to have his car under control so that he was able to turn it aside and avoid striking the truck in which plaintiff was riding, and that he followed too closely behind such vehicle.

As to the defendant Ferguson, the record does not disclose the location of the Ferguson automobile at the time Aten's truck was driven onto the safety zone or its position at the time the Zuercher car struck the truck or at the time the truck was knocked into Ferguson's lane of traffic. A careful review of the record fails to disclose any evidence that the defendant Ferguson had time to do anything to avoid the collision.

The case should have been submitted to the jury with reference to defendant Zuercher. It follows that the judgment of the trial

court is affirmed as to defendant Ferguson; and as to the defendant Zuercher, the case is reversed and remanded with directions to the trial court to set aside its order sustaining defendant Zuercher's demurrer to plaintiff's evidence and to grant her a new trial.

It is so ordered.

Robb, J. (dissenting in part): I dissent from that part of the syllabus and the corresponding portion of the opinion which hold that the trial court did not err in sustaining the separate demurrer of the defendant Troy Ferguson for the reason that there was evidence of speed on the part of the Ferguson car and the question as to that speed constituting negligence and whether that negligence was a proximate cause of the accident were questions for the determination of the jury.

Hall, J., joins in the foregoing dissenting opinion.